**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando SIERRA–PENALOZA,**
**Defendant–Appellant.**

**No. 08–50046.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2009.[*]

Filed Feb. 19, 2009.

Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Jennifer L. Waier, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

H. Dean Steward, Esquire, San Clemente, CA, for Defendant–Appellant.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, BEA, and IKUTA Circuit Judges.

MEMORANDUM **

Armando Sierra–Penaloza challenges his conviction for violating 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) on two grounds. He argues that the district court erred by not suppressing evidence obtained pursuant to the wiretap of his cellular phone and by not dismissing the indictment for violation of the Speedy Trial Act. We affirm his conviction.

■ The thirty-eight page affidavit submitted in support of the wiretap application did contain a "full and complete statement of the facts" as required by 18 U.S.C. § 2518(1)(b). It discussed what investigative techniques had been tried, the success (or failure) of those techniques, and why other techniques not yet tried were unlikely to be successful. Assuming without deciding that some of the affidavit's statements are "boiler plate," read as a whole, the affidavit is still adequately supported by case-specific observations and the agent's personal experience. *United States v. Canales Gomez,* 358 F.3d 1221, 1227 (9th Cir.2004); *see United States v. Baker,* 589 F.2d 1008, 1012–13 (9th Cir. 1979); *cf. United States v. Blackmon,* 273 F.3d 1204, 1210 (9th Cir.2001).

■ The issuing judge did not abuse his discretion in determining that a wiretap was necessary because the affidavit established that the alternatives were unlikely to accomplish the investigation's goals. 18 U.S.C. § 2518(3)(c); *Canales Gomez,* 358 F.3d at 1225. It was not unreasonable for the issuing judge to conclude that the investigation was essentially at a standstill

and that less intrusive methods were impracticable because the agents did not know Sierra–Penaloza's identity. *See United States v. Homick,* 964 F.2d 899, 903 (9th Cir.1992); *United States v. Brone,* 792 F.2d 1504, 1506 (9th Cir.1986). Even if the DEA could have taken additional investigative steps, exhaustion of all possible leads was not required. *United States v. Carneiro,* 861 F.2d 1171, 1178 (9th Cir. 1988); *see also United States v. Rivera,* 527 F.3d 891, 903–04 (9th Cir.2008).

■ The district court properly denied Sierra–Penaloza's motion to dismiss the indictment because the five-month continuance was properly excluded from calculations under the Act. In this case, although defendants' stipulation to a continuance cannot satisfy the statutorily required findings of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7); *Zedner v. United States,* 547 U.S. 489, 500, 506–08, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), the court's written findings were adequate to justify exclusion of the continuance because the "ends of justice" are served by allowing additional time to assure "continuity of counsel" and "effective preparation" of extensive discovery materials in a complex, multi-defendant case such as this one. *See* § 3161(h)(7); *Zedner,* 547 U.S. at 500, 506–08, 126 S.Ct. 1976.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.